**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**ELDAWANELI CONERLY, #13902**                             **PETITIONER**

**VERSUS**                                   **CIVIL ACTION NO. 2:05cv125-JMR**

**LAWRENCE KELLY**                                         **RESPONDENT**

### MEMORANDUM OPINION

This cause comes before the Court on the Petition [1-1] for Writ of Habeas Corpus filed by Petitioner Eldawaneli Conerly ("Conerly") and the Response [10-1] to the Petition filed by Respondent Lawrence Kelly ("Kelly"). To date, Conerly has not filed a pleading in opposition to Kelly's Response. Having considered Conerly's Petition [1-1], Kelly's Response [10-1], along with the entire record and the applicable law, this Court finds that Conerly's Petition [1-1] should be dismissed with prejudice. Accordingly, Conerly's Petition [1-1] in the above-captioned action should be dismissed.

### FACTS

Conerly was convicted in the Circuit Court of Walthall County, Mississippi for two counts of simple assault on a law enforcement officer and one count of aggravated assault on a law enforcement officer. *See* Petition for Writ of Habeas Corpus p.2. Conerly was sentenced to serve consecutive terms of five (5) years on each simple assault conviction, and twenty (20) years on the aggravated assault conviction for a total sentence of thirty (30) years. Conerly was ordered to serve a term of fifteen (15) years in the custody of the Mississippi Department of Corrections ("MDOC") with the remaining fifteen (15) years on post-release supervision. *See* Response to Petition for Writ

of Habeas Corpus p.3 *citing* State Court Clerk's Papers p. 59.

Conerly appealed his conviction and sentence to the Mississippi Court of Appeals which, in a written opinion, affirmed Conerly's conviction and sentence on August 3, 2004. *See Conerly v. State*, 879 So.2d 1101 (Miss. App. 2004) attached as Exhibit "A" to Response to Petition for Writ of Habeas Corpus. After reviewing the record, the Mississippi Court of Appeals found that the trial court did not issue a jury instruction regarding the elements of aggravated assault. *See Conerly v. State*, 879 So.2d 1101, 1108 (Miss. App. 2004). Applying a harmless error analysis, the court stated that, "it appears beyond a reasonable doubt that the absence of the element instruction did not cause or contribute to the jury reaching the verdict it reached." *Id*.

Conerly filed a motion for rehearing which the Mississippi Court of Appeals dismissed with prejudice on September 2, 2004, due to the motion's untimeliness. *See* Order, attached as Exhibit "B" to Response to Petition for Writ of Habeas Corpus. Conerly then filed an Application for Leave to Proceed in the Trial Court claiming that the trial court committed reversible error in failing to instruct the jury on the elements of aggravated assault. On March 1, 2005, the Mississippi Supreme Court dismissed Conerly's application, finding that his claim, regarding the trial court's error in failing to instruct the jury on the elements of aggravated assault, was barred from collateral review pursuant to Miss. Code Ann. § 99-39-21(3) since the issue was previously raised and decided on direct appeal. *See* Order, attached as Exhibit "C" to Response to Petition for Writ of Habeas Corpus.

Conerly filed the instant Petition on May 9, 2005 in which he claims that he was denied a fair trial due to the failure of the trial court to instruct the jury as to the elements of aggravated assault. *See* Petition for Writ of Habeas Corpus.

## STANDARD OF REVIEW

Conerly's current Petition for Writ of Habeas Corpus was filed pursuant to 28 U.S.C. § 2254,

as amended by the Antiterrorism and Effective Death Penalty Act of 1996, which provides in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B)(i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Appellants seeking federal habeas relief under §2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). To satisfy the exhaustion requirement, a federal habeas applicant must generally present his claims to the state's highest court in a procedurally proper manner, and provide the high state court with a fair opportunity to pass on the claims. *Nobles v. Johnson*, 127, F.3d 409, 420 (5th Cir. 1997); Carter *v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982). Only after the Mississippi Supreme Court has been provided with a fair opportunity to review a petitioner's claims in a procedurally proper manner can he be said to have satisfied the exhaustion requirement. The exhaustion requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *see also Nobles v. Johnson* 127 F.3d 409, 420 (5th Cir. 1997). Such a failure to exhaust clearly warrants dismissal of the federal petition pursuant to 28 U.S.C. §2254(b)(1) and (c).

## ANALYSIS

In the case before the Court, the Respondent submits that Conerly's claim, regarding the aggravated assault instruction, was never presented to the State's highest court in a procedurally proper manner. *See* Response to Petition for Writ of Habeas Corpus p. 5. Respondent points out that Conerly's claim was reviewed and denied by the Mississippi Court of Appeals on August 3, 2004. Following that decision, several avenues of further review were available to Conerly. However, Conerly did not timely file a motion for rehearing with the Mississippi Court of Appeals nor did he seek certiorari in the Mississippi Supreme Court. Respondent's argue that since Conerly did not seek discretionary review with the Mississippi Supreme Court, he has failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(c). *See* Response to Petition for Writ of Habeas Corpus p. 7. Pointing to M.R.A.P. Rule 40 and M.R.A.P. 17(b), the Respondent argues that Conerly's ability to exhaust his claim in the instant petition in no longer available since the time for filing such a petition has long past. *See* Response to Petition for Writ of Habeas Corpus p. 8. Thus, Respondent's submit that a return to state court would be fruitless since the time for review has expired. *Id*.

Federal Courts are estopped from reviewing state cases applying an independent and adequate state procedural rule unless the petitioner can demonstrate cause and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750; *see also Martin v. Maxey*, 98 F.3d 844 849 (5th Cir. 1996). Where a petitioner has failed to exhaust claims in state court, and that failure would now result in the state procedurally rejecting those claims, the petitioner has procedurally defaulted the claims and the Court must find them procedurally barred. *See Ruiz v. Quarterman*, 460 F.3d 638, 643 (5th Cir. 2006). Exceptions to procedural default exist where the petitioner shows cause and actual prejudice or that application of the procedural bar will result in a fundamental miscarriage of justice. *Id*. The

Respondent submits, and the Court agrees, that Conerly cannot show "cause" under the "cause and prejudice" test necessary to allow this Court to reach the merits of Conerly's claim despite the procedural bar. *See* Response to Petition for Writ of Habeas Corpus p. 9. The Court does not find, nor does Conerly argue, that an external impediment existed which prevented him from raising his claim for relief in a petition for writ of certiorari in state court. Absent a showing a showing of "cause," it is unnecessary for the Court to determine whether there is actual prejudice. *See Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

Similarly, the Court finds that dismissal of Conerly's Petition will not result in a fundamental miscarriage of justice. In order to establish that a fundamental miscarriage of justice would occur, Conerly would need to show that he was factually innocent of the crime upon which his conviction rests. *See Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). In his Petition, Conerly does not argue that he is factually innocent of his crime. Thus, this Court finds that no fundamental miscarriage of justice would result from dismissal of Conerly's Habeas Petition.

## **CONCLUSION**

This Court finds that Conerly failed to exhaust his state court remedies regarding his claim that the trial court erred by failing to issue a jury instruction detailing the elements of aggravated assault. Although Conerly's claim is now procedurally barred from further state review, this Court finds that the exceptions to the procedural default do not apply because Conerly fails to show cause or actual prejudice. Furthermore, this Court finds that Conerly has not shown that dismissal of his Petition will result in a fundamental miscarriage of justice. Accordingly, Conerly's Petition [1-1] for Writ of Habeas Corpus should be dismissed with prejudice.

This the  31st   day of January, 2007.

					s/ John M. Roper, Sr.
				CHIEF UNITED STATES MAGISTRATE JUDGE